## H. H. Wunderlich for use of John Wunderlich, Appellant, *v.* Silas P. Sadler and William G. Evans.

*Mortgage—Assumption of payment of mortgage—Affidavit of defense—Act of June 12, 1878.*

In an action upon an alleged assumption and agreement of defendants to pay a mortgage, the statement alleged that the plaintiff had granted and conveyed the mortgaged premises to defendant for a certain consideration "and, in payment of the said consideration money; among other mortgages, . . . . said defendants did assume the aforesaid mortgage of seven thousand dollars, . . . . and did expressly agree to pay and assume the said mortgage as a part of the consideration named in the said recited deed, in the following language to wit: 'Subject also to the mortgage, [then follows description and record of mortgage] all of the above mortgages being assumed by the said parties of the second part hereto, as a part of the consideration herein named.'" The statement did not state whether the assumption was a clause in the deed, or was an oral agreement, or was contained in the collateral written agreement. The record of the deed was referred to in the statement, and made part thereof. The affidavit of defense denied the making of any promise or agreement to assume liability for the mortgage. *Held*, (1) that if it was an oral agreement it was void under the Act of June 12, 1878, P. L. 205; (2) if it was a collateral written agreement it was necessary to attach a copy, under the rules of court; (3) a rule for judgment for want of a sufficient affidavit of defense was properly discharged.

Argued Nov. 10, 1898.   Appeal, No. 187, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1898, No. 142, discharging rule for judgment for want of a suffi-

cient affidavit of defense.   Before GREEN, McCOLLUM, MITCH-
ELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit upon an alleged agreement to pay a mortgage.
Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of PORTER, J., which was
as follows :

If the plaintiff had alleged in his statement that the deed
from H. H. Wunderlich to the defendants contained the clause
"Subject also to a mortgage of $7,000 made by H. H. Wun-
derlich to John Wunderlich, dated November 16, 1892, and
recorded in mortgage book, vol. 637, page 557 ; all of the
above mortgages being assumed by the said parties of the sec-
ond part hereto as a part of the consideration herein named,"
it would have been a sufficient allegation of liability upon part
of the defendants to answer in the present action for their de-
fault in payment of the mortgage.   If the deed in question
contains such a clause, and the defendants made default in
payment of the mortgage, and the property was sold by the
sheriff, under proceedings upon the mortgage, for a sum less
than sufficient to pay the mortgage, there cannot, under the
authority of Blood, Executrix, etc., for use of the Brown Oil
Company v. Crew Levick Company, 177 Pa. 606, be any doubt
that the defendants in this action are liable personally for the
deficiency.   To such a state of facts, properly stated, there is
nothing in either of the affidavits filed by the defendants which
would constitute a good defense.   Fortunately for the defend-
ants, so far as this stage of the proceedings is concerned, the
statements filed by plaintiff does not set forth that there was
any such clause in the deed.   The statement, after reciting
that H. H. Wunderlich and wife "for and in consideration of
twelve thousand and sixty dollars, by general warranty deed,
duly acknowledged on December 5, 1893, and recorded, etc.,
granted and conveyed the premises to the defendants," states
as the ground upon which it is sought to charge the defend-
ants the alleged assumption of the mortgage in the following
language, viz: "And in payment of the said consideration
money ; among other mortgages, the said defendants did assume
the aforesaid mortgage of seven thousand dollars, executed and

delivered by the said H. H. Wunderlich to the said John Wunderlich; and did expressly agree to pay and assume the said mortgage as a part of the consideration named in the said recited deed, in the following language to wit, . . . . 'Subject also to a mortgage of $7,000 made by H. H. Wunderlich to John Wunderlich; dated November 16, 1892, and recorded in mortgage book, vol. 637, page 557 ; all of the above mortgages being assumed by the said parties of the second part hereto as a part of the consideration herein named.' " It does not state whether this assumption or express agreement to pay was a clause in the deed; or was an oral agreement against which the Act of June 12, 1878, P. L. 205, would protect the defendants, or was contained in a collateral written agreement, a copy of which it was obligatory upon the plaintiff to attach under the act of assembly and the rules of this court. The affidavit of defense explicitly denies the making of any promise or agreement to assume liability for the mortgage, and is a sufficient answer to any allegation of any oral or collateral written agreement. The question must, therefore, turn upon the sufficiency of the statement upon the point as to whether it does or does not allege that the agreement declared upon was founded upon a clause contained in the deed. We have arrived at the conclusion that it does not. The record of the deed is referred to in the statement and is made a part thereof, and to do this the plaintiff was not required by the act of assembly to attach a copy. Under the terms of the act such a reference to a record has the same effect as attaching a copy of an agreement not of record. But to attach a copy of a paper or agreement does not obviate the necessity of also including in the statement " every ingredient of a good cause of action, averred with the same completeness, accuracy and precision that were required in a declaration at common law: " Newbold v. Pennock, 154 Pa. 591. The rule for judgment must be discharged.

To which order counsel for plaintiffs excepts and at his request a bill is sealed.

*Error assigned* was the order of the court discharging the rule.

*E. E. Craumer*, with him *J. F. Milliken*, for appellant, cited Smith, Kline & French Co. v. Smith, 166 Pa. 570 ; Peoples St.

Ry. v. Spencer, 156 Pa. 89; Chestnut St. Nat. Bank v. Ellis, 161 Pa. 244; Peale v. Addicks, 174 Pa. 543; Acme Mfg. Co. v. Reed, 181 Pa. 382; Erie v. Brady, 127 Pa. 176.

*J. J. Miller*, for appellees, was not heard.

PER CURIAM, January 3, 1899:

The order discharging the rule for judgment in this case is affirmed on the opinion of the learned court below.

Judgment affirmed.